# GEORGE W. WALKER, Respondent, v. ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs February 4, 1913. Opinion Filed April 8, 1913.**

1. **RAILROADS: Injury to Trespasser: User of Track by Public: Sufficiency of Evidence.** In an action for injuries to a person struck by a railroad train while he was walking along the track, evidence *held* to present a question for the jury as to whether there had been such user of the track by the public at the point of the accident as to require the operatives of the train to keep a lookout for pedestrians thereat.

2. ——: ——: **Sufficiency of Evidence.** In an action for injuries alleged to have been sustained by plaintiff by being struck by a railroad train while he was walking along the track, *held*, under conflicting evidence, that whether plaintiff was struck by the train, was a question for the jury.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict rendered upon conflicting evidence is conclusive on appeal.

4. **RAILROADS: Injury to Trespasser: Sufficiency of Evidence.** In an action for injuries to a person struck by a railroad train while he was walking along the track, evidence that the accident occurred in daylight, that, although, on account of a curve, the engineer could not have seen plaintiff, other members of the engine crew could have seen him for a distance of nine hundred feet before the train reached him, that the train was under perfect control, traveling at the rate of fifteen or twenty miles per hour, and that the bell was not rung nor the whistle sounded for a crossing, which was about four hundred feet from the point of collision, was sufficient to warrant a finding of negligence on the part of defendant in running down plaintiff, even assuming that the operatives had a right to expect a clear track.

## Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

173 Mo. App. 6

*S. H. West, Roy F. Britton* and *Wammack & Welborn,* for appellant.

(1) There is no evidence that defendant saw plaintiff before he was injured. (2) At the time plaintiff was injured he was a trespasser on defendant's track and defendant owed him no duty except the duty not wantonly or wilfully to injure him. Rine v. Railroad, 88 Mo. 392; Barker v. Railroad, 98 Mo. 50; Sinclair v. Railroad, 133 Mo. 233; Carrier v. Railroad, 175 Mo. 470; Fearons v. Railroad, 180 Mo. 208; Carr v. Railroad, 195 Mo. 214; Eppstein v. Railroad, 197 Mo. 720; Frye v. Railroad, 200 Mo. 377; Ahnefeld v. Railroad, 212 Mo. 280; Degonia v. Railroad, 224 Mo. 564. (3) There is no evidence of a wilful or wanton injury of plaintiff by defendant's servants and the case should not have gone to the jury.

REYNOLDS, P. J.—This is an action for damages claimed to have been sustained by plaintiff in consequence of having been run into, knocked down and injured by a train said to have been in charge of and operated along the line of defendant's road by that company. It is averred in the petition that while plaintiff was walking along the railroad tracks of defendant, between Zeta and Day, in Stoddard county, plaintiff walking toward the south, that a cold and brisk wind was blowing from the southeast toward the northeast, and plaintiff having his coat collar turned up to protect his face and ears, and wearing a cap with a windbreak and ear muffs pulled down over his ears and the back part of his head for the protection of his neck and ears from the inclemency of the weather, the part of the railway track along which he was walking being level and straight in a nearly north and south course for a long distance, and when plaintiff was

about a mile southeast of Zeta and about four hundred feet south of a crossing of a public road over the railway track, a freight train in charge of the employees of defendant company came along the track from the north and ran against plaintiff with such force and violence as to hurl him a distance of about thirty feet from the point where the train struck him, inflicting severe injuries which rendered him unconscious for several hours. It is charged that the injuries inflicted upon plaintiff were the direct result of wanton disregard and careless and reckless management of defendant's train, in that the employees in charge of and operating it carelessly and negligently ran the train at an excessive rate of speed at the time when and place where the injuries complained of were inflicted on plaintiff; that after the employees of defendant saw, or by the exercise of reasonable care and diligence might have seen, if they had not been reckless in operating the train, the dangerous position in which plaintiff was situated, and saw, or by the exercise of reasonable care and diligence could have seen, if they had not been reckless and negligent, the dangerous position in which plaintiff was situated, and saw, or by the exercise of reasonable care and prudence and diligence could have seen the imminent peril in which plaintiff was placed, and could have seen that plaintiff was unaware of the near and dangerous approach of the train, negligently failed to sound the usual and ordinary signals in time to avert the injuries complained of, and did not, in fact, at any time before the injuries and before reaching the crossing of the public road, which lay between the approaching train and where plaintiff was upon the track, either ring the bell, sound the whistle or give any other signal by which plaintiff might have been warned of the near and dangerous approach of the train, and negligently and recklessly failed and neglected to use the brakes or other appliances provided and at hand for stopping

the train and recklessly and negligently failed to use the appliances at hand for putting the train under control and stopping the train before it struck and injured plaintiff, but on the contrary recklessly and negligently and willfully and wantonly ran its train against and over plaintiff, injuring and burising him in the manner before stated. Claiming that he received a nervous shock, that his injuries are permanent in so far as to disable him from pursuing his former occupation of laborer as efficiently as before, thus diminishing his earning capacity, plaintiff prays judgment in the sum of $10,000.

The answer, after a general denial, pleads contributory negligence, to which plea a general denial was filed by way of reply.

The jury returned a verdict in favor of plaintiff in the sum of $300, from which, interposing a motion for new trial and excepting to that being overruled, defendant has duly perfected appeal to this court.

This case, on appeal, has been submitted to us by counsel for appellant on printed brief and argument, no counsel appearing here for respondent, no brief or argument being filed in his behalf. The only errors assigned are to the overruling of defendant's demurrer to the evidence and to the overruling of the motion for a new trial. While the evidence is rather voluminous, we have read all of it with great care. Without setting it out, it is sufficient to say of it that there was substantial evidence tending to sustain the allegations of the petition. Hence we are unable to agree with the learned and industrious counsel for appellant that the demurrer to the evidence should have been sustained. Those counsel claim that this case falls within the principles announced by our Supreme Court in Frye v. St. Louis, I. M. & S. Ry. Co., 200 Mo. 377, l. c. 399, 98 S. W. 566, and cases there cited, as well as within the later case of Ahnefeld v. Wabash Railroad Co., 212 Mo. 280, 111 S. W. 95, and

cases there cited. We do not agree to this claim. As bringing this case within those, counsel claim that plaintiff was a trespasser on its tracks at the time of his injury, and that the evidence fails to show that there was such a user of the tracks between the two points, namely, Zeta and Day, as to require those in charge of the train to be on the lookout for persons who might be traveling over it. It is true plaintiff was a trespasser, and that the testimony does not show that very many people used these tracks in traveling between those points. But it appears that there was a public road crossing the tracks a short distance north of where plaintiff was struck and that the public road ran along the side of the railroad right of way and outside of it as far as Day, if not further. It is also in evidence that in going from Zeta to Day, the only way of crossing the river or stream was by means of a bridge or trestle which the railroad company had constructed across it and along which there seems to have been a footpath. That footpath along and over the trestle appears to have been used by all persons walking along between the two points. After crossing this trestle, it is true that a wayfarer could have stepped off of the track and gone along the public road, and it appears to have been the custom for way-farers to use this public road unless it was muddy. Whether it was muddy on this occasion, is not in evidence. The accident happened on the 25th of December, but that in itself affords us no information, even considering the nature of the swampy country through which this road passed, as to what the condition of the road was at this time. While it is true that not many people passed along this road, and the evidence shows that this was a very sparsely settled neighborhood, there being but two or three houses in Zeta and seven or more families, several of them section men, residing in Day, there is evidence on the part of plaintiff tending to show that this railroad bed was a common

and frequent mode of travel between the two points. Hence we do not think the facts here in evidence as to lack of public user, bring this case within those above cited.

No complaint is made of the instructions given by the court, save the contention that no instructions whatever should have been given, except one for a verdict for defendant. We cannot say, considering this point, that the verdict of the jury is unsupported by substantial evidence. The men in charge of that train, testifying for defendant, said that before they reached plaintiff, they saw him lying on the side of the track, his head some eighteen inches from the rail and that the engine had not touched him. Witnesses for defendant also gave testimony tending to show that plaintiff was intoxicated at the time. But in the face of the positive evidence of plaintiff himself, that the train did strike him, the testimony of his witnesses as to the use of the tracks, and of witnesses who saw him and said he was not intoxicated, the matter was for the jury and we must accept its verdict as conclusive.

Over and above this are the facts in evidence that this accident occurred between three and four o'clock in the afternoon, in broad daylight; that the track ran through open country, no woods, no cuts, to obstruct the view; nothing to prevent those in charge of the train from seeing plaintiff for a distance of some nine hundred feet before the train reached him; the train, a freight under perfect control, going at about fifteen or twenty miles an hour; no evidence whatever tending to show that the bell was rung or the whistle sounded at this crossing, this crossing some four hundred feet from where plaintiff is said to have been struck. Under every rule requiring ordinary care, and irrespective of the fact that this track was then used as a pathway for travelers, even admitting that defendant's employees, running its trains over it, had a right to expect a clear track, there was evidence

from which the jury could infer actionable negligence on the part of defendant in running down this plaintiff. Counsel claim that a curve in the road prevented the engineer from seeing any distance ahead. That did not excuse others of the crew on the engine from keeping a lookout, and to have looked ahead was to see this plaintiff ahead of the moving train and evidently oblivious to its approach. He had his head down, his ears muffled, and the wind was blowing so sharply in his face as to carry the noise of an approaching train from him instead of toward him. All these facts were in evidence before the jury and they found for plaintiff. We hold that there was evidence tending to support the verdict and we will not disturb it.

The judgment of the circuit court is affirmed. *Nortoni,* and *Allen, JJ.,* concur.